# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

PATRICIA J. SHANNON,

        Plaintiff(s),

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY,

        Defendant(s).

2:11-CV-394 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Patricia J. Shannon's motion for reversal. (Doc. # 16). The Commissioner of Social Security ("commissioner") filed a response and motion for summary judgment. (Doc. # 19). Plaintiff filed a reply. (Doc. # 22).

Magistrate Judge Hoffman issued a report and recommendation on the motion for reversal. (Doc. # 23). The commissioner filed objections to the report and recommendation (doc. # 25), and the plaintiff filed a reply (doc. # 26).

**I.    Procedural Background**

Plaintiff filed applications for disability insurance benefits and supplemental security income. The agency denied her claims initially and again upon reconsideration. Following the denials, the administrative law judge ("ALJ") conducted a hearing. The plaintiff and her representative appeared via a video stream. The ALJ determined that plaintiff was not disabled.

**James C. Mahan**
**U.S. District Judge**

The appeals council denied plaintiff's request for review, which made the ALJ's decision the final decision of the commissioner. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

*A.     Report and Recommendation*

Plaintiff seeks reversal of the ALJ's decision for the following reasons: (1) she received an unfair hearing; (2) the ALJ failed to fully develop the record; (3) the ALJ failed to consider additional evidence; (4) the ALJ failed to consider all impairments; (5) the ALJ improperly discredited opinion evidence; (6) the ALJ failed to consider lay evidence; and, (7) the ALJ failed to properly assess her credibility.

The magistrate judge considered plaintiff's arguments for reversal along with the commissioner's arguments that the ALJ properly denied the benefits. The magistrate judge rejected four of plaintiff's arguments and found: (1) plaintiff's hearing was fair; (2) the ALJ properly developed the record; (3) the additional evidence offered by plaintiff does not warrant a change in the outcome; and (4) the ALJ properly assessed plaintiff's credibility.

The magistrate judge recommends that this court remand back to the ALJ to make specific evidentiary findings and determinations on the record. The magistrate judge found that the ALJ did not properly consider certain mental impairments in making his determination–schizophrenia and substance abuse. The magistrate also found that the ALJ improperly discredited certain opinion evidence–specifically, the opinion testimony of Ms. Duncombe, Dr. Winkleman, and Dr. Sherman. Finally, the magistrate judge found that the ALJ failed to consider the lay opinion evidence of the plaintiff's mother. The commissioner timely objected to each of the magistrate judge's findings in support of reversal.

*B.     Standard of Review for Report and Recommendation*

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made."

28 U.S.C. § 636(b)(1).

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then this court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this court finds it appropriate to engage in a de novo review to determine whether to adopt the recommendation of the magistrate judge. Upon reviewing the recommendation and underlying briefs, this court finds good cause appears to adopt the magistrate's findings in full with regards to all of plaintiff's challenges in which the ALJ did not err. However, for the magistrate judge's findings that have led to the recommendation of remand, the court will engage in closer scrutiny.

**II.    Legal Standard**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405. *See Akopyan v. Barnhart*, 296 F.3d 852, 853 (9th Cir. 2002). Section 405(g) states:

. . .

. . .

. . .

. . .

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides. . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause of a rehearing.

42 U.S.C. § 405(g).

The commissioner's findings of fact are conclusive if supported by substantial evidence. *Id.*; *see also Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 2005). The court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion." *Id.*

Under the substantial evidence standard, "the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). A court should defer to the commissioner's decision "if evidence exists to support more than one rational interpretation." *Id.*

"The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). "An individual is disabled within the meaning of the Social Security Act when she 'is unable to engage in any substantial gainful activity by reason of any medically determinable physical impairment which . . . can be expected to last for a continuous period of not less than twelve months.'" *Id.* (quoting 42 U.S.C. § 1382c(a)(3)(A)). The claimant's burden requires that she "make out a case both that she has an impairment listed in the regulations, and that she has met the duration requirement." *Id.* If a claimant can meet her initial burden, "the burden shifts to the [Commissioner] to show that the claimant can perform other substantial gainful work that exists in the national economy." *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998).

James C. Mahan
U.S. District Judge

- 4 -

Finally, "[i]n assessing whether a claimant is disabled, the ALJ follows a five step sequential process:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

*Stout*, 454 F.3d at 1052 (citing 20 C.F.R. §§ 404.1520, 416.920).

**III.   Discussion**

The court will discuss each reason the magistrate judge recommends remanding back to the ALJ, along with the commissioner's objections and the plaintiff's reply, in turn.

   *A.     Impairments Not Fully Considered*

The magistrate judge found that the ALJ failed to consider plaintiff's schizoaffective disorder and substance abuse at steps two and three. The ALJ considered a host of plaintiff's other alleged mental or behavioral impairments, but made no mention of either schizoaffective disorder or substance abuse.

The government objects by arguing that there was medical testimony in the record concerning plaintiff's alleged schizoaffective disorder. Therefore, it may be inferred that the ALJ considered this evidence, even though the ALJ did not explicitly mention this disorder in his finding. The government also argues that the ALJ properly evaluated the severity of plaintiff's impairments at step three. Plaintiff essentially argues that the magistrate judge is correct.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  The court agrees with the magistrate judge. There was record evidence that plaintiff suffered from schizophrenia on some level. The ALJ may well have considered this evidence at step two and three, but there is no discussion on the record. The court cannot be sure the ALJ considered the effects of schizophrenia, if any, on plaintiff's ability to function. The court agrees with the magistrate judge that the remand is appropriate for this determination. The court further agrees that on remand the ALJ should determine a time period for when, if ever, plaintiff's substance abuse was "severe."

B.   *Opinion Evidence*

The magistrate judge found that the ALJ should have given more consideration to the opinion of marriage and family counselor Rhonda Duncombe, M.S., despite the fact that she is a non-acceptable medical source. The ALJ did not evaluate Ms. Duncombe's opinion testimony according to certain required factors. *See* SSR 06-03p.

The magistrate judge also found that the ALJ summarily dismissed the opinion testimony of Dr. Bonnie M. Winkleman, Psy.D. The ALJ is required to assign such opinion testimony a weight and provide reasons for the weight assigned. *See* SSR 96-6p. The magistrate judge found that the opinion evidence assessment is not supported by substantial evidence because the ALJ did not specify weight assigned to opinions and because he did not provide any analysis resolving the conflict between the opinions. Similarly, the magistrate judge found that the ALJ did not assign a weight to Miriam Sherman, M.D, as required by 20 C.F.R. §§ 404.1527 and 416.927.

The government objected by arguing that the ALJ properly found Ms. Duncombe not credible because she is not a licensed doctor, she has no psychological training, and there was no medical evidence to support her opinions. The government argues that the ALJ properly discredited Dr. Winkleman's testimony because it conflicted with her evaluation reports. The government further argues any error by the ALJ, including the omission of a weight assignment to Dr. Sherman, was harmless.

The requirements of the statutory code in this area of law may be technical and laborious, but the court agrees with the magistrate judge's findings that the ALJ omitted certain required statutory

**James C. Mahan**
**U.S. District Judge**

- 6 -

steps, analysis, and assignment of weights. The court agrees with the recommendation of the magistrate judge for the reasons stated therein.

C. *Lay Evidence*

The plaintiff's mother submitted a function report. The magistrate judge found that the ALJ failed to mention the function report in the decision so it is unclear whether or not he considered it in making the credibility finding. The government agrees that the ALJ did not explain the reasons for not considering the lay evidence, which he was required to do in the Ninth Circuit. The government, however, argues that such omissions by the ALJ were harmless error.

"Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). An ALJ may disregard such lay testimony provided that the ALJ "gives reasons germane . . . for doing so." *Id.* Simply, the ALJ did not explicitly consider the report by Ms. Priscilla's, plaintiff's mother, and the report bolstered plaintiff's claims. The court agrees with the magistrate judge for the reasons stated therein.

**IV. Conclusion**

The court agrees with the report and recommendation of the magistrate judge and adopts it in its entirety.

IT IS HEREBY, ORDERED, ADJUDGED, AND DECREED that Magistrate Judge Hoffman's report and recommendation (doc. # 23) be, and the same hereby, is ADOPTED in its entirety.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for reversal (doc. # 16) be, and the same hereby, is GRANTED consistent with the terms of this order and those in the report and recommendation.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the proceedings be remanded back to the agency.

DATED April 5, 2013.

*[signature]*
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 7 -